# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BRANDIE CRAIG,<br>　　　Plaintiff,<br><br>vs.<br><br><br><br><br><br>LENNAR CORPORATION<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No._____<br><br>Removal from Superior Court<br>of Gwinnett County, Georgia<br>Case No. 25-A-00998-3<br><br>NOTICE OF REMOVAL OF<br>CIVIL CAUSE OF ACTION<br>BY DEFENDANT<br><br><br>[Diversity Jurisdiction] |

## **DEFENDANT LENNAR CORPORATION'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Lennar Corporation ("Lennar" or "Defendant") hereby removes this action, captioned *Brandie Craig v. Lennar Corporation,* Case No. 25-A-00998-3, from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia (Atlanta Division). Defendant's grounds for removal are as follows.

## **PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS**

1. On or about February 4, 2025, Plaintiff Brandie Craig ("Plaintiff") filed a Complaint for Breach of Contract, Quantum Meruit, Unjust Enrichment, Attorney's Fees, and Court Costs (the "Complaint" or "Plaintiff's Complaint") in

the Superior Court of Gwinnett County, Georgia, naming only Lennar Corporation as a defendant (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Defendant in the State Court Action are attached hereto as **Exhibit 1**.

2. On February 12, 2025, Plaintiff served the Complaint upon Defendant. *See* Exhibit 1 (Summons, with service of process stamp dated February 12, 2025).

3. Plaintiff alleges that she was employed by Defendant to sell homes within the state of Georgia from April 2017 through November 21, 2023, and that Defendant failed to pay various sales-related commissions to Plaintiff during and after November 2023. *See* Exhibit 1 (Plaintiff's Complaint at ¶¶ 11-13, 25-31). Plaintiff alleges three causes of action seeking payment of sums to which Plaintiff claims entitlement via her NHC Compensation Agreement or otherwise as a result of her employment with Defendant (Count One: Breach of Contract; Count Two: Quantum Meruit; Count Three: Unjust Enrichment). *See* Exhibit 1 (Plaintiff's Complaint). Plaintiff also alleges one cause of action against Defendant for "attorney's fees and costs of court" (Count Four: Attorney's Fees and Court Costs). *See* Exhibit 1 (Plaintiff's Complaint).

4. Plaintiff's Complaint alleges that Defendant owes Plaintiff "an estimated $172,419.03 in commissions" for its alleged breach of contract and further alleges that Defendant is liable to Plaintiff for quantum meruit damages, unjust

enrichment damages, attorney's fees and costs of court "in amount to be determined at trial." *See* Exhibit 1 (Plaintiff's Complaint at ¶¶ 31, 36-37, 42, 49, 52).

## GROUNDS FOR REMOVAL AND
## SATISFACTION OF PROCEDURAL REQUIREMENTS FOR REMOVAL

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiff and Defendant as they are citizens of different states; (2) the amount in controversy exceeds $75,000 as Plaintiff's Complaint, on its face, alleges monetary damages in excess of $75,000 exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

6. There is complete diversity of citizenship between the parties because, as pleaded in Plaintiff's Complaint, Plaintiff, who resided in the State of Georgia "at all times relevant to the Complaint[,]" is a citizen of Georgia, while Defendant, a Delaware corporation with its principal place of business in Florida, is a citizen of Delaware and Florida. *See* Exhibit 1(Plaintiff's Complaint at ¶¶ 1-2); 28 U.S.C. § 1332(c)(1) (concerning citizenship for a corporation for diversity purposes). There are no other plaintiffs or defendants. *See* Exhibit 1 (Plaintiff's Complaint).

7. The amount in controversy in this dispute exceeds $75,000 as pleaded in Plaintiff's Complaint, which alleges that "Defendant currently owes Plaintiff an estimated $172,419.03 in commissions at the time of this Complaint" in addition to

various other amounts to be determined at trial. *See* Exhibit 1 (Plaintiff's Complaint at ¶ 31). Where removal is predicated upon diversity jurisdiction conferred by 28 U.S.C. § 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2).

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1441(a), and 1446(a) because the Superior Court of Gwinnett County, Georgia, where the Complaint was filed, is a state court located within the United States District Court for the Northern District of Georgia (Atlanta Division). *See* Exhibit 1 (Plaintiff's Complaint); 28 U.S.C. § 90(a)(2).

9. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1), 28 U.S.C. § 1446(c), and Fed. R. Civ. P. 6(a)(1)(C), because it was filed within thirty (30) days after Defendant was served with Plaintiff's Complaint in the State Court Action on February 12, 2025. *See* Exhibit 1 (Summons, with service of process stamp dated February 12, 2025).

10. After filing this Notice of Removal, Defendant will promptly serve written notice of this Notice of Removal on counsel for the Plaintiff and will file the same with the Clerk of the Superior Court of Gwinnett County, Georgia, in accordance with 28 U.S.C. § 1446(d).

## **NON-WAIVER OF DEFENSES**

11. By removing this action from the Superior Court of Gwinnett County, Georgia, Defendant does not waive any defenses available to it.

12. By removing this action from the Superior Court of Gwinnett County, Georgia, Defendant does not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, Defendant Lennar Corporation respectfully removes this action from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia (Atlanta Division).

Dated: March 14, 2025               Respectfully submitted,

                                                By:   /s/ John C. Amabile
                                                     John C. Amabile
                                                     Georgia State Bar # 014520
                                                     PARKER POE ADAMS & BERNSTEIN LLP
                                                     1075 Peachtree Street NE, Suite 1500
                                                     Atlanta, GA 30309
                                                     678.690.5747 (office)
                                                     404.869.6972 (fax)
                                                     johnamabile@parkerpoe.com

                                                     ***ATTORNEY FOR DEFENDANT LENNAR CORPORATION***

**OF COUNSEL**

Ted D. Meyer
Texas State Bar #13997500
ted.meyer@blankrome.com
713.632.8666 (direct line)
Nikki D. Kessling
Texas State Bar #24070051
nikki.kessling@blankrome.com
713.632.8687 (direct line)
BLANK ROME LLP
717 Texas Avenue #1400
Houston TX 77002
713.228.6605 (fax)

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing document has been prepared with one of the font and point selections approved by this Court in Local Rule 5.1(C).

Respectfully submitted this 14th day of March 2025.

PARKER POE ADAMS &
BERNSTEIN LLP

/s/ John C. Amabile
John C. Amabile
Georgia Bar No.: 014520
johnamabile@parkerpoe.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2025, a true and exact copy of Defendant Lennar Corporation's Notice of Removal was served via mail and electronic mail to all counsel of record as follows:

J. Mark Brittain
Mark Brittain, P.C.
245 Country Club Drive, Suite 200H
Stockbridge, Georgia 30281
mark@markbrittain.com

By: /s/ John C. Amabile
     John C. Amabile